Magistrate Judge Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> GLENN A. GAILEY, <br> Defendant. | CASE NO. MJ25-072 <br><br> COMPLAINT <br> Misdemeanor <br><br> 18 U.S.C. § 111(a); and <br> 18 U.S.C. § 1114 |

BEFORE Michelle L. Peterson, United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

## COUNT 1
### (Assault on a Federal Officer or Employee)

On or about December 14, 2024, in King County, within the Western District of Washington, GLENN A. GAILEY knowingly, intentionally, and forcibly assaulted Adult Victim 1, an officer of the United States and of an agency of the United States Government, that is, a Lead Transportation Security Officer, employed by the U.S. Department of Homeland Security, Transportation Security Administration, while Adult Victim 1 was engaged in and on account of the performance of his official duties.

All in violation of Title 18, United States Code, Sections 111(a) and 1114.

Complaint
United States v. Gailey - 1
USAO No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

I, Sharon Carpenter, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, state as follows:

1. I am employed as a Special Agent with the FBI, assigned to the Seattle Field Office in Seattle, Washington. I have been a Special Agent since April 2021. As part of my daily duties as a Law Enforcement Officer, I conduct investigations on criminal violations relating to assault, including violations of Title 18, United States Code, Section 111. I also conduct investigations on other offenses committed at, or with a nexus to, federal facilities owned or leased by the federal government and federal employees who work at those facilities. I have received over 400 hours of training in federal law enforcement and am a graduate of the FBI Training Academy in Quantico, Virginia.

2. The information contained in this Complaint is based on my personal knowledge, training, experience, and investigation, as well as information relayed to me by other law enforcement officers and witnesses, and information gleaned from my review of reports and evidence related to this investigation. The discussion below includes only information I believe necessary to establish probable cause that GLENN A. GAILEY ("GAILEY") committed the offense alleged in this Complaint. I do not purport to summarize all the evidence gathered during the course of my investigation, nor does the discussion below include all facts known to me or others involved with this investigation.

## SUMMARY OF PROBABLE CAUSE

3. The Seattle-Tacoma International Airport (SeaTac Airport) at 17801 International Boulevard, Seattle, Washington, 98158, is located in King County, within the Western District of Washington. SeaTac Airport is owned and operated by the Port of Seattle and the Transportation Security Administration, a federal agency responsible

Complaint
United States v. Gailey - 2
USAO No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for protection of the nation's transportation systems, employs officers and employees to carry out their duties at the Sea-Tac Airport.

4. Adult Victim 1, whose full name is known to me but not included here because this is a public filing, is employed as a Lead Transportation Security Officer. Adult Victim 1 is employed by the Transportation Security Administration (TSA) to oversee security operations in all modes of transportation and their occupants. Adult Victim 1 is authorized to enforce federal regulations and laws governing conduct on property, perform searches and screenings, control terminal entry and exit points, and is a person designated in Title 18, United States Code Section 1114.

5. On December 14, 2024, Adult Victim 1 was working at the south bagged oversized area (TSA oddsize) in the SeaTac Airport, an unsecured location as passengers and items have not yet been screened. TSA oddsize is where ticketed passengers drop off large or odd-sized items that do not fit on the airline counter conveyer belt. There is a posted sign outside the TSA oddsize that reads, "Warning Restricted Area Authorized Identification Badge Required OFFENDERS SUBJECT TO ARREST AND PROSECUTION UNDER RCW 9A.52 and Other Applicable Law."

6. At approximately 0355 Adult Witness 1, whose full name is known to me but not included here because this is a public filing, is employed as a Transportation Security Officer. Adult Witness 1 arrived at South oddsize to relieve Adult Victim 1 for his shift end. Around the same time Adult Witness 1 arrived, Adult Victim 1 observed GAILEY stick his head into the entry of TSA oddsize. Adult Victim 1 asked if GAILEY needed assistance but GAILEY did not respond and backed out of the doorway.

7. GAILEY continued to linger in the general area of TSA oddsize. Adult Victim 1 noted GAILEY's demeanor as odd and that he kept fidgeting with unknown items in his pocket.

Complaint
United States v. Gailey - 3
USAO No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. Adult Witness 1 was standing in the open space of approximately 20 inches wide, adjacent to the lift table where passengers drop off their items when GAILEY quickly and continuously approached her, without making eye contact. As Adult Witness 1 began to ask GAILEY if he needed assistance, Adult Witness 1 put her arm in front of her in an L shape as a gesture to stop. GAILEY made it two steps into the restricted zone before Adult Witness 1 was able to physically block the space. Adult Witness 1 did not make physical contact with GAILEY.

9. In response and to deescalate the situation, Adult Victim 1 stepped in to give GAILEY someone else to engage with. GAILEY pivoted his attention to Adult Victim 1 and said something along the lines of, "what's her problem?" GAILEY initially left the area after this interaction but returned shortly thereafter and continued to linger in the general area of TSA oddsize.

10. Adult Witness 1 called her supervisor to request the assistance of an additional Transportation Security Officer as she did not feel comfortable being alone in the TSA oddsize zone with GAILEY lingering. Additionally, out of concern for Adult Witness 1's safety, Adult Victim 1 decided to remain until the additional Transportation Security Officer arrived.

11. At one point, GAILEY sat down nearly shoulder-to-shoulder next to a female who was sitting near a pillar across from TSA oddsize. After GAILEY appeared to engage the female in conversation, the female quickly gathered her items and left the area.

12. Approximately 10 minutes after the interaction between GAILEY and Adult Victim 1, and at the same time as an un-related passenger with an oversized ski bag approached TSA oddsize, GAILEY started to approach Adult Victim 1. As Adult Victim 1 stepped out of the TSA oddsize zone to ask if GAILEY needed assistance, GAILEY swung at Adult Victim 1 with a righthanded punch. Adult Victim 1 blocked the punch

Complaint
United States v. Gailey - 4
USAO No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with his left forearm and attempted a mid-section kick to maintain distance but missed. Adult Victim 1 was able to pin GAILEY to the ground and repeatedly requested GAILEY's compliance.

13. Adult Victim 1 directed Adult Witness 1 to call 911 and press the duress button.

14. Just after 0400, Port of Seattle Police Department Officer House arrived on scene and took custody of GAILEY. GAILEY was arrested for Criminal Trespass in the 1st degree and Assault in the 4th degree.

15. As part of my investigation, I spoke with Adult Victim 1, who gave a recorded account of the incident. Adult Victim 1's written statement given to the Port of Seattle Police Department was consistent with what he described to me.

16. I also interviewed Adult Witness 1. Adult Witness 1's written statement given to the Port of Seattle Police was consistent with what she described to me.

17. Additionally, I reviewed the video footage provided by SeaTac Airport and confirmed the account was consistent with what Adult Victim 1 and Adult Witness 1 described to me.

18. I reviewed GAILEY's criminal history, and he has two separate charges of Driving While Intoxicated, one from 2010 in Texas and the other from 2021 in Washington.

//
//
//
//
//
//
//

Complaint
United States v. Gailey - 5
USAO No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

19. Based on the above facts, I respectfully submit there is probable cause to believe that GAILEY committed the offense of Assault on a Federal Officer or Employee, in violation of Title 18, United States Code, Sections 111 and 1114 on December 14, 2024.

_____
SHARON CARPENTER, Complainant
Special Agent
Federal Bureau of Investigation

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 12th day of February 2025.

_____
Michelle L. Peterson
United States Magistrate Judge

Complaint
United States v. Gailey - 6
USAO No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970